## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**COURT FILE NO.:** _____

'10 CIV 04128

Robbin Woods,

        Plaintiff,

v.

Allied Interstate, Inc.,

        Defendant.

JUDGE KARAS  **COMPLAINT**

**JURY TRIAL DEMANDED**

### JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiffs' personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4.  Plaintiff Robbin Woods is a natural person who resides in the City of Rhinebeck, County of Dutchess, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Allied Interstate, Inc. is a collection agency operating from an address of 3000 Corporate Exchange Drive, 5th Floor, Columbus, Ohio 43231 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.    Sometime prior to 2009, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt from Capital One.

7.    On or about February 24, 2009, Plaintiff, in an effort to solve her debt problems, retained the services of The Mossler Law Firm, P.C., to provide assistance in resolving Plaintiff's consumer debts in an effort to avoid Bankruptcy.

8.    On or about April 2, 2009, The Mossler Law Firm, P.C. sent a letter of representation to Defendant.  This letter notified Defendant that Plaintiff was represented by counsel and instructed Defendant to cease communication with Plaintiff from that point forward.

9.    Commencing April 20, 2009, Defendant contacted Plaintiff by telephone multiple times in an attempt to collect the debt.

10.   The above-described collection communications made to Plaintiff by Defendant and other collection employees employed by Defendant were made in violation of the FDCPA, including but not limited to 1692c(a)(2).

11.   The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was an invasion of Plaintiff privacy by an intrusion upon seclusion and resulted in actual damages to this Plaintiff.

12.   These abusive collection communications by Defendant and its employees pushed Plaintiff to consider bankruptcy as a way out of these abusive communications.

13.    Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused unnecessary personal strain.

14.    Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

15.    The acts and omissions of Defendant and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

16.    The acts and omissions by Defendant and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

17.    By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal.

18.    Defendant is therefore liable to Plaintiff through the Doctrine of Respondent Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

19.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

22.     As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY

### REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

23.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

24.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

25. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

26. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's rights to privacy.

27. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

28. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

29. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

**COUNT II.**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY**

**REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY**

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 27, 2010

**GLEN A. KURTIS, P.C.**

By: _____
Glen A. Kurtis
Attorney I.D.#GAK-9357
175 Main Street, Ste.#614
White Plains, NY 10601
Telephone:  914-686-3171
Facsimile: 914-686-8175